IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:14cv0067 |
| v. ) | |
| ) | Case No. 3:13-mc-0136 |
| STATE OF TENNESSEE, BOARD OF PAROLE, ) | Judge Campbell |
| KENYA BROWN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff James Douglas Smith, a state prisoner incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee, has submitted a civil complaint seeking damages and immediate release from prison.

**I.     Factual Background**

In his complaint and amended complaint, the plaintiff alleges that he was interviewed for parole on September 24, 2013, during which he presented a "case plan for recovery" and documentation regarding a six-month outpatient recovery program at Crossbridge of Nashville. Based on the documentation attached to the complaint, it appears that the Parole Board voted on October 10, 2013 to "recommend release eligibility date," and notified the plaintiff of its decision on October 11, 2013. (*See* ECF No. 5, at 7 (Offender Hearing Decision Notification).) The notice did not specify the release eligibility date, but the plaintiff apparently expected immediate release. The record also contains a letter dated October 23, 2013 to the plaintiff from a Parole Hearings Director informing the plaintiff that he did not have the ability to appeal the Parole Board's decision, because the Board had not "revoked, rescinded or denied" parole. (ECF No. 5, at 9.)

According to Smith, the Parole Board voted to recommend release but also recommended completion of the Crossbridge program as a condition of parole. He alleges that defendant Kenya Brown, whose position with the Parole Board he does not identify, has interpreted the parole recommendation to require Smith to complete the "ARDAPT" program while he is still incarcerated. Smith claims that this cannot be correct, because there is not enough time left on his sentence. He states that his "flat" release date is April

6, 2014,[1] while the ARDAPT program is nine months long. The plaintiff further alleges that there are many other inmates at the CCA facility who have been granted parole on paper but who, due to Ms. Brown's actions, are still incarcerated.

The plaintiff names as defendants the Tennessee Board of Parole and "IPO" Kenya Brown, who appears to be a parole officer. The plaintiff seeks immediate release to "Crossbridge," and damages in the amount of $1,000 per day for each day he is held unlawfully past his parole release date, among other forms of injunctive relief. (ECF No. 5, at 5.)

## II.     Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se*

---

[1] The complaint actually states that Smith's "flat" release date is April 6, 2013 (ECF No. 5, at 5), but the Court presumes this is an error based on the date on which the complaint was filed.

complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

### III. Discussion

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted.

In this case, although the plaintiff has framed his complaint as a civil rights action under § 1983, the primary form of relief sought is immediate release from custody. The proper method for a convicted state prisoner to challenge a state's authority to maintain custody of him is through a petition for the writ of habeas corpus, with its accompanying exhaustion requirement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus."). Section 1983 is not a permissible alternative to the traditional remedy of habeas corpus. *Id.* Thus, to the extent the plaintiff seeks to be released from custody, his action should have been filed as a petition for a writ of habeas corpus rather than a civil rights action under § 1983.

Moreover, this Court does not have the discretion to construe the complaint as a habeas corpus petition when, as here, the Court has no information regarding whether the plaintiff has exhausted his remedies in the state courts, as required by 28 U.S.C. § 2254(b), nor does the complaint comply with Rule 2(c) of the Rules Governing § 2254 Cases. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001) (declining to construe a § 1983 complaint as a habeas petition in part because the complaint did not comply

with Rule 2(c) and did not allege exhaustion of claims); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) ("[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits."). Instead, the matter should be dismissed without prejudice, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Pischke*, 178 F.3d at 500.

Further, even assuming that the Court would have jurisdiction under § 1983 to hear the plaintiff's claim for damages, as distinct from his claim for immediate release, the Parole Board, as an agency of the State of Tennessee, is afforded absolutely immune from damages by the Eleventh Amendment. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment, citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Defendant Kenya Brown, a parole officer, is likewise absolutely immune from damages liability. *See id.* (citing *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990) ("[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers."); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (holding that a hearing examiner and probation officer who recommended delay of parole were entitled to absolute immunity); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (holding that probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and are entitled to absolute immunity)).

Accordingly, this action will therefore be dismissed without prejudice for lack of subject-matter jurisdiction over the claim for immediate release, and based on the defendants' absolute immunity from damages. An appropriate order is filed herewith.

                                               */s/ Todd Campbell*
Todd Campbell
United States District Judge