IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:14cv0067 |
| v. ) | Case No. 3:13-mc-0136 |
| ) | |
| STATE OF TENNESSEE, BOARD OF PAROLE, ) | Judge Campbell |
| KENYA BROWN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pursuant to the Court's directive, James Douglas Smith, a state prisoner incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee, has submitted an amended civil complaint and an application to proceed *in forma pauperis*.

A. The Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* affidavit and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2), and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 6) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Metro-Davidson County Detention Facility to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.     Initial Review of the Complaint**

The Court has conducted an initial review of the complaint as required by the PLRA, 28 U.S.C. § 1915(e)(2), 1915A(a), and finds that the Court lacks subject-matter jurisdiction over the plaintiff's claim for immediate release from prison, and that the plaintiff fails to state a viable claim for damages against the named defendants, because those defendants are absolutely immune from liability for damages in this Court.

This action is therefore **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to assign a civil action number to this case and to enter judgment in accordance with Fed. R. Civ. P. 58.

The remaining motions (ECF Nos. 7 and 8) are **DENIED** as moot.

It is so **ORDERED**.

*Todd Campbell*
Todd Campbell
United States District Judge